UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 29 2014 ★

BROOKLYN OFFICE

WILLIAM ST. ELMO ASHMAN,

Petitioner,

- against -

SCOTT HASSELL, Chief, Etowah
County Jail,
              Respondent.
─────────────────────────────X

DECISION
AND ORDER
14-CV-4312 (WFK)

**WILLIAM F. KUNTZ, II, UNITED STATES DISTRICT JUDGE:**

On July 14, 2014 *pro se* Petitioner William St. Elmo Ashman,[1] currently detained as a "deportable alien" at Etowah County Jail in Gadsden, Alabama, commenced this action under 28 U.S.C. § 2254 challenging his 1997 Richmond County Supreme Court conviction. For the reasons set forth below, the petition is dismissed.

## BACKGROUND

On July 31, 1997, Petitioner pled guilty to criminal possession of a controlled substance in the fifth degree in the Supreme Court of the State of New York, Richmond County. On September 22, 1997, he was sentenced to five years of probation. On October 17, 2001, he was resentenced to six months imprisonment for a probation violation. Petitioner has since completed that sentence.

In March 2011, the United States Department of Homeland Security initiated removal proceedings against Ashman—a citizen of Jamaica who was admitted to the United States on September 12, 1970 as a lawful permanent resident—based on the 1997 conviction challenged herein and two other prior New York state court convictions from 1989 and 1993, respectively.

---

[1] Petitioner has paid the filing fee required to commence this action.

—1—

Petitioner's removal is based on three subsections of Section 237 of the Immigration and Nationality Act.[2] Petitioner does not provide the status of the removal proceedings beyond that he has been detained since August 22, 2012.

Petitioner challenges his 1997 conviction on the grounds that his trial counsel failed to advise him of the immigration consequences of his guilty plea as well as prosecutorial misconduct, police misconduct, and ineffective assistance of counsel. Petitioner raised these same grounds in a recent state court post-conviction motion which was denied by the Supreme Court of the State of New York, Richmond County on April 9, 2013. The Supreme Court of the State of New York, Appellate Division, Second Department denied a certificate for leave to appeal on September 27, 2013; Petitioner's motion to reargue his prior application was denied on May 5, 2014.

## DISCUSSION

A "court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. This language has been construed by the United States Court of Appeals for the Second Circuit as implying that courts have "the power to dismiss a habeas petition when it is patently apparent that the court lacks jurisdiction to grant the relief demanded." *Cephas* v. *Nash*, 328 F.3d 98, 103 (2d Cir. 2003). Similarly, Rule 4 of the Rules Governing Section 2254 Cases provides that "[i]f it plainly appears from the petition and any annexed exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

---

[2] §§ 237(a)(2)(A)(ii); 237(a)(2)(B)(i); 237(a)(2)(A)(iii).

Here, the facts, as alleged in the petition, establish that this Court lacks jurisdiction to entertain Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254. District courts have "jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis in original); *see also* 28 U.S.C. § 2254(a). The Supreme Court has long interpreted this statutory language "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 391 U.S. at 490–91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). A habeas petitioner in immigration detention or under an order of removal as the result of a prior criminal conviction is not in custody for the purpose of a habeas challenge to that underlying criminal conviction. *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008); *see also Camara v. New York*, No. 11–CV–8253, 2012 WL 3242697, at *4 (S.D.N.Y. Aug. 9, 2012) (Karas, J.) (collecting cases).

The petition in this case states that Petitioner was resentenced in October 2001 to six months imprisonment for violation of the five-year probation imposed for his July 1997 conviction. That sentence fully expired more than twelve years before the filing of this petition in July 2014. Therefore, Petitioner is not "in custody" for the conviction he seeks to challenge. Nor does Petitioner's immigration detention qualify as "in custody" for purposes of bringing a § 2254 challenge against his earlier state court conviction. *Ogunwomoju*, 512 F.3d. at 75. Accordingly, at the time petitioner filed the instant habeas corpus petition, he was not "in custody" pursuant to the judgment of a state court and this Court lacks subject matter jurisdiction to entertain a § 2254 petition challenging that conviction. *Maleng*, 490 U.S. at 491; *see e.g.*,

*Ortiz v. State of New York*, 75 Fed. App'x 14, 17 n.2 (2d Cir. 2003) (summary order) (petitioner who was no longer in state custody could not bring a § 2254 petition).

## CONCLUSION

For the reasons set forth above, this Court lacks jurisdiction over this habeas corpus petition. The instant petition for a writ of habeas corpus is, therefore, DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Further, since Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

s/William F. Kuntz, II
WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 25, 2014
Brooklyn, New York